**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JORGE GARRIGO, Individually, and on behalf of himself and all others similarly situated,**

          **Plaintiff,**

-vs-                                                  **Case No. 6:13-cv-1032-Orl-18DAB**

**AMERICAN K-9 DETECTION SERVICES, LLC,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS CASE WITH PREJUDICE (Doc. No. 43)**
>
> **FILED:**      March 13, 2014
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      The instant motion seeks approval of a settlement reached in a Fair Labor Standards Act ("FLSA") case. At issue is whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district

court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

According to the papers filed, Plaintiff Jorge Garrigo filed a Collective Action Complaint and Demand for Jury Trial (Doc. 1), alleging that he was not paid for all hours worked in violation of the FLSA. Thereafter, Opt-in Plaintiffs Jerry Guzzetta and Marc Cerda filed consents to join the action (Docs. 16, 17). Plaintiffs were employed by American K-9 Detection Services, LLC ("AMK9") as Canine Handlers, training in the United States prior to deploying overseas (Doc. 43). Plaintiffs allege that they regularly worked over forty hours a week while in training, but did not receive overtime compensation. AMK9 denies that it violated the FLSA, contending that Plaintiffs were properly compensated. AMK9 further contends that to the extent that Plaintiffs worked off-the-clock, they did so without AMK9's knowledge or consent and in direct contravention to its policies and procedures.

According to the Verified Interrogatories filed in this case:

Plaintiff Garrigo contends that he is owed $13,429.20 in unpaid wages; $13,429.20 in liquidated damages; and attorneys fees and costs (Doc. 25). The terms of the settlement provide that he will receive $2,000 in unpaid wages and $2,000 in liquidated damages; plus counsel is to receive $2,000 in fees and costs.

Plaintiff Guzzetta contends that he is due $5,523.30 in unpaid wages, $5,523.30 in liquidated damages; and attorney's fees and costs (Doc. 26).  The terms of the settlement provide that he will receive $1,000 in unpaid wages and $1,000 in liquidated damages; plus counsel is to receive $1,500 in fees and costs.

Plaintiff Creda contends that he is due $6,826.80 in unpaid wages, $6,826.80 in liquidated damages; and attorney's fees and costs (Doc. 27).  The terms of the settlement provide that he will receive $1,000 in unpaid wages and $1,000 in liquidated damages; plus counsel is to receive $1,500 in fees and costs.

As is clear, Plaintiffs are agreeing to accept a fraction of their claims in settlement.  According to the motion, the settlement is nonetheless a reasonable compromise of the disputed issues, in that AMK9's time cards indicate that Plaintiffs worked forty hours or under every week in which they were in training.  AMK9 was prepared to present a number of witnesses to testify regarding AMK9's time keeping procedure, its training program, the training schedule, and Plaintiffs' work hours. The Plaintiffs were prepared to testify that the time cards were inaccurate and that they worked off-the-clock, with AMK9's knowledge.  Rather than face the uncertainty of litigation, the Parties reached a mutually agreeable settlement.

Upon review, the Court cannot find that the settlement is unreasonable.  Plaintiffs' overtime claims may be based on their sworn testimony and do not *require* additional evidentiary support; however, in the face of documentary and testimonial evidence of Defendant's directly contradicting such testimony, it is not unreasonable for Plaintiffs to believe settlement without further litigation is in their best interest.  The release of claims against Defendant is limited to those for unpaid wages or overtime pay under the FLSA, and there are no other provisions which would make this agreement inherently unfair.

As for attorney's fees, the motion asserts: "Plaintiffs' counsel will receive $5,000.00 in attorney's fees and costs. The Parties have agreed this is a reasonable fee under the circumstances of

this case, is well below the lodestar of attorneys' fees actually expended on the case, and was negotiated separately from Plaintiffs' recovery and without regard to the amount of Plaintiffs' recovery. *See Bonetti v. Embarq Management Company*, Case No. 6:07-cv-01335-GAP-GJK, Document 53, P. 10 (August 4, 2009)." *Bonetti*, however, is not binding on every District Judge in the Middle District. Moreover, the parties do not itemize the total time expended on the case, sufficient to support their claim that the fees are "well below the lodestar."

While this normally would result in a recommendation that the Court not find the settlement to be reasonable, the Interrogatories indicate that, as of November 2013, counsel expended $5,065.00 in costs and fees with respect to the case (Docs. 25-27). The Court assumes some additional time was incurred subsequently, to negotiate the settlement and prepare the papers. This provides evidentiary support sufficient to evaluate the amount sought. After deducting the filing fee and a reasonable amount for service of process from the total of $5,000.00 agreed-to here, the fee amounts to approximately $1,500.00 per Plaintiff, an amount the Court finds to be below that actually incurred and reasonable, under the circumstances of this case.

It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. The motion should be granted, and the action should be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 17, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy